UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GWENDOLYN GRIFFIN ODOM,    )
                          )
         Plaintiff,       )
                          )
v.                        )    CV420-264
                          )
COASTAL STATES            )
AUTOMOTIVE GROUP          )
MANAGEMENT, LLC,          )
                          )
         Defendant.       )

# ORDER

Plaintiff Gwendolyn Odom filed this Title VII employment discrimination case against Coastal States Automotive Group Management, LLC, alleging she was subjected to sexual discrimination and retaliation. *See generally* doc. 1. Before the Court is a Motion for Substitution of Party Plaintiff, doc. 52, which Defendant opposes, doc. 56. The motion seeks to substitute deceased Plaintiff Gwendolyn Odom with her "natural heir and successor" Eden Odom. Doc. 52 at 2.

Under Federal Rule of Civil Procedure 25(a)(1),

> If a party dies and the claim is not extinguished, the court may order substitution of the *proper party*. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within

1

> 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Courts have "uniformly" held that although Rule 25(a) refers to substitution of the "proper party," the rule "applies only to the substitution of legal representatives." 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1956 (3d ed. 2008).

Here, the motion's assertion that "Eden Odom is the natural heir and successor of the deceased Plaintiff," doc. 52 at 2, is insufficient to establish that she is a "proper party" under Rule 25(a) and Georgia law. As this Court has explained:

> Under the applicable Georgia law, the title "personal representative" includes any person properly acting as "administrator, administrator with the will annexed, county administrator or executor." O.C.G.A. § 53–1–2. Courts routinely—if not necessarily—require evidence that a movant for substitution was appointed to the representative capacity. See 1 C.J.S. ABATEMENT AND REVIVAL § 179 (Generally) (June 2009) ("[T]he personal representative must be legally appointed, and any order after the death of a party and before the formal substitution of a legal representative is void.") (footnote omitted); *see also Escareno v. Noltina Crucible and Refractory Corp.*, 163 F.3d 1257, 1258 (11th Cir.1998) (in making substitution determination, the court focused exclusively on who the Georgia Probate Court appointed as administrator of plaintiff[']s estate, and whether that person was properly appointed under Georgia law).

> The term "successor" has been interpreted to cover those situations where the decedent's estate has been distributed without probate. Thus, "the distributee of an estate that has been distributed" is considered a "successor." *Kilgo v. Bowman Transport*, 87 F.R.D. 26, 27 (N.D. Ga. 1980), *aff'd* 789 F.2d 859 (11th Cir.1986) (person named as executor in plaintiff's will, but who did not become executor because he elected statutory share rather than probating will, fell within the category of "successor" and was a substitutable "proper party") (quoting and citing *Rende v. Kay*, 415 F.2d 983, 985 (D.C.Cir.1969)); *see also Ashley v. Ill. Cet. Gulf R. Co.*, 98 F.R.D. 722, 724 ([S.D.] Miss. 1983) (defining "successors" as "the distributees of the decedent's estate if his estate ha[s] been closed").

*Hardy v. Potter*, 2009 WL 2391239, at *2 (S.D. Ga. Aug. 4, 2009) (Edenfield, J.).

Without any indication that Eden Odom is the personal representative of Gwendolyn Odom's estate, or otherwise qualifies as her "successor," the Court cannot substitute Eden Odom as a "proper party." *Id.*; *see also Powell v. HM Trucking, LLC*, 2020 WL 710615, at *1 (M.D. Ala. Feb. 12, 2020) ("The proper person to substitute is . . . the personal representative of the estate. . . . It is undisputed that no estate has been opened for [the decedent], and no personal representative has been appointed to represent the estate. . . . In the absence of an estate, the Court finds it inappropriate to appoint an administrator for the purpose of substituting parties."). Additionally, the movant has made no showing

3

that the claims were not extinguished upon Gwendolyn Odom's death. *See* Fed. R. Civ. P. 25(a)(1). Accordingly, the Motion for Substitution of Party Plaintiff is **DENIED**. Doc. 52. Defendant's Motion for Hearing on her Motion to Substitute is **DENIED AS MOOT**. Doc. 54.

**SO ORDERED**, this 12th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA